**From:** Berlin, Amie R.
**Sent:** Friday, December 14, 2018 4:15 PM
**To:** Lorne Berkeley
**Cc:** Ari Sweetbaum; Weissman, Jessica
**Subject:** Re:

Thank you for your response. I wonder if could please explain what you mean when you say the subpoena is untimely and there is a statute of limitations issue. I'd like to understand which statute of limitations or timing issue you are referring to.

Thank you,
Amie

On Dec 14, 2018, at 3:42 PM, Lorne Berkeley <lberkeley@drbdc-law.com> wrote:

> Aime:
>
> Thank you for your below email.
>
> After careful consideration, at this point in time, Ms. Marin is not able to respond to the subpoena based upon her good faith objections to its validity (outside the statute of limitations) and breadth. As we were advised in our recent conference call, the SEC is unwilling to provide any additional information concerning the circumstances surrounding the issuance of the subpoena, the grounds which give rise to its issuance, or the focus/scope of the investigation.
>
> When comparing the subpoena and the order of investigation, there does not appear to be a nexus or causal connection between the order of investigation and the documents being requested.  Our client believes that the subpoena is untimely and is otherwise overbroad.  Unless our client can reach agreement with the SEC,  our client intends to have a judge review the subpoena's validity and breadth.
>
> I am available to discuss further if you would like and in the interim, all of my client's rights are reserved.
>
> Have a good weekend.

EXHIBIT 31

1

Please excuse any typographical errors as this is being sent from my iPhone using voice to text. Thank you.


Lorne E. Berkeley, Esq
Daniels Rodriguez Berkeley Daniels & Cruz, P.A.
4000 Ponce de Leon Blvd.
Suite 800
Coral Gables, Fl. 33146
(305) 448-7988
email: LBerkeley@drbdc-law.com
Website: http://www.drbdc-law.com
Bio: http://drbdc-law.com/lorne-e-berkeley/


On Dec 13, 2018, at 4:03 PM, Berlin, Amie R. <BerlinA@sec.gov> wrote:

> Lorne and Ari,
>
> I wonder whether we are still speaking tomorrow about the subpoena. If so, please let us know what times you are available and we will call you then.
>
> Thank you,
> Amie
>
>
>> On Dec 10, 2018, at 10:35 PM, Berlin, Amie R. <BerlinA@sec.gov> wrote:
>>
>> Lorne and Ari,
>>
>> It was nice speaking with you today. Below please find a few cases about the issue we discussed, the scope of authority to issue subpoenas under a Formal Order. Please let me know if you would like to discuss this.
>>
>> - Amie
>>
>>
>> SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 745 (1984) ("It appears, in short, that Congress intended to vest the SEC with considerable discretion in determining when and how to

investigate possible violations of the statutes administered by the S.E.C..");

SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1380 (D.C. Cir. 1980) (given the S.E.C.'s broad statutory mandate to investigate, there was "virtually no possibility" the S.E.C. exceeded its authority in issuing an investigative subpoena);

United States v. Florida Azalea Specialists, 19 F.3d 620, 624 (11th Cir. 1994) (The measure of relevance used in subpoena enforcement actions is "quite broad.");

SEC v. Arthur Young & Co., 584 F.2d 1018, 1029 (D.C. Cir. 1978) (a district court may enforce a subpoena so long as the materials sought are not clearly irrelevant or immaterial).