UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 19-mc-20493- O'SULLIVAN

**SECURITIES AND EXCHANGE COMMISSION,**
    Applicant,
v.
**CARLA MARIN,**
    Respondent.
_____/

### PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF LAW IN SUPPORT OF PERSONAL JURISDICTION

Respondent's personal jurisdiction challenge ignores established principles of personal jurisdiction where, as here, a proceeding arises from a federal statute authorizing nationwide service of process. "The determination of personal jurisdiction over a nonresident defendant typically requires a two-part analysis involving a state long-arm statute and a due process analysis. However, when a federal statute such as the Securities and Exchange Act provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction."[1] The Court therefore need not address whether a respondent has minimum contacts with the state.[2] "Rather, the Court must determine whether there are sufficient minimum contacts with the United States as a whole to satisfy the Due Process Clause of the Fifth Amendment so that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[3] As the Eleventh Circuit Court of Appeals has held, the Court should "first determine whether the applicable statute potentially confers jurisdiction over the defendant, and then determine whether the exercise of jurisdiction comports with due process."[4] As set forth below, both of these elements are easily satisfied.

**1. The Federal Statute Confers This Court With Personal Jurisdiction Over Marin**

The first element for finding personal jurisdiction is easily met. The S.E.C. filed this enforcement proceeding pursuant to Section 21(c) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(c), seeking Marin's compliance with subpoenas issued under

---

[1] *S.E.C. v. Prime Time Group, Inc.*, Case No. 09-cv-80952, 2010 WL 780198, *2 (S.D. Fla. Mar. 2, 2010) (citing *Republic of Panama v. BCCI Holdings S.A.,* 119 F.3d 935, 942 (11th Cir.1997)).

[2] *Id.* (citing *SEC v. Carrillo,* 115 F.3d 1540, 1543 (11th Cir.1997)).

[3] *Id.* (quoting *Carrillo,* 115 F.3d at 1543–44).

[4] *BCCI Holdings*, 119 F.3d at 942 (reversing this Court's dismissal for lack of jurisdiction).

Section 21(a) of the Exchange Act, 15 U.S.C. § 78u(a). The Exchange Act authorizes nationwide service of process,[5] and Marin does not dispute this.[6] "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction"[7] and "courts should presume that nationwide personal jurisdiction is necessary to further congressional objectives."[8] The relevant inquiry is therefore whether the respondent had sufficient contact with the United States, and not the state where the proceeding is filed.[9] In *BCCI Holdings*, this District Court dismissed claims against New York-based defendants brought under Section 1965(d) of the RICO statute, for lack of personal jurisdiction. The Eleventh Circuit reversed the district court order, Case No. 90–cv-2913–Ungaro, because the statute provided for nationwide service and the defendants did business in the United States:

> [W]e need not pause long over the first question [of whether the applicable statute potentially confers jurisdiction over the defendants]. Section 1965(d) of the RICO statute provides for service in any judicial district in which the defendant is found. When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction. Because the [ ] defendants are domestic corporations doing business in this country, the statutory basis for personal jurisdiction over these defendants is satisfied.[10]

---

[5] 15 U.S.C. § 78u(c) provides that the S.E.C. "may invoke the aid of any court of the United States within the jurisdiction of which such investigation or proceeding is carried on, or where such person resides or carries on business" to enforce a subpoena, and "[a]ll process in any such case may be served in the judicial district whereof such person is an inhabitant or wherever he may be found." *See also Carrillo*, 115 F.3d at 1544 & n.4 (finding Exchange Act statute 78aa authorizes nationwide service of process because it authorizes service of process "in the judicial district whereof such person is an inhabitant or wherever he may be found").

[6] [D.E. 13 & 27]. *See also* D.E. 26 at 9:7-12.

[7] *BCCI Holdings*, 119 F.3d at 942.

[8] *Id.* at 948.

[9] *Id.* at 946-47.

[10] 119 F.3d at 942 (internal citations omitted). *Accord, BankAtlantic v. Coast to Coast Contractors, Inc.*, 947 F. Supp. 480, 409 (S.D. Fla. 1996) (rejecting defendants' arguments that the Southern District of Florida lacked personal jurisdiction because the defendants were New York residents with no minimum contacts in Florida; finding the inquiry was contacts with the United States and not Florida because "as this is a federal question case in which the Court is attempting to exercise jurisdiction over these defendants pursuant to a federal statute authorizing nationwide service, the forum in which the defendants have availed themselves is the United States"); *C.F.T.C. v. Oakmont Financial, Inc.*, 191 F. Supp. 3d 1347, 1350 (S.D. Fla. 2016) ("Because the statute at issue in this case contains a provision allowing nationwide service of process, the Court must determine whether the Defendant has minimum contacts with the United States."); *Mariash v. Morrill*, 496 F.2d 1138, 1143 (2d Cir. 1974) (rejecting defendants' jurisdictional challenge; finding that by virtue of nationwide service of process under the Exchange

Similarly, this court need not pause over the first step in the personal jurisdiction analysis. Marin admits she resides in the United States and the subpoenas concern her U.S.-based company [D.E. 13-2 & 27]. Therefore, the statutory basis for personal jurisdiction over Marin is satisfied.[11]

### 2. The Court's Exercise of Personal Jurisdiction Over Marin Comports With Due Process

The first question having been easily met, we turn to the second question – namely, whether this Court's exercise of personal jurisdiction over Marin comports with the due process clause of the Fifth Amendment.[12] The Exchange Act permits the exercise of personal jurisdiction to the limit of the Due Process Clause of the Fifth Amendment.[13] "The burden is on the defendant to demonstrate that the assertion of jurisdiction in the forum will 'make litigation so gravely difficult and inconvenient' that [he] unfairly is at a 'severe disadvantage' in comparison to his opponent" and "it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern.[14] "This prong of the inquiry rarely defeats jurisdiction where a defendant has sufficient forum contacts,"[15] and is "largely academic in non-diversity cases brought under a federal law which provides for nationwide service of process."[16] "[C]ontacts with the forum state play no magical role in the Fifth Amendment analysis. As a practical matter ... state lines cannot provide an accurate measure of the burdens that would be imposed on a defendant by requiring him to defend an action in a particular forum. There is nothing inherently burdensome about crossing a state line.''[17] "A court must therefore examine a defendant's *aggregate contacts with the nation as a whole rather than his contacts with the forum state* in conducting the Fifth Amendment analysis."[18] The test is "a constitutional floor to protect litigants from truly undue burdens, [and]

---

Act, the New York federal district court had personal jurisdiction over Massachusetts defendants.

[11] 119 F.3d at 947. As the Eleventh Circuit further noted that "Because minimum contacts with the United States – the relevant sovereign – satisfy the 'purposeful availment' prong in federal question cases, contacts with the forum state are not constitutionally required. *Id.* at 946 n.21.

[12] *Id.* ("It is well established that when, as here, a federal statute provides the basis for jurisdiction, the constitutional limits of due process derive from the 5th, rather than the 14th, Amendment.").

[13] *Id.* at 942.

[14] *Id.* at 947 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478) (citations omitted).

[15] *SEC v. Softpoint*, No. 95 Civ. 2951, 2001 WL 43611 at *5 (S.D.N.Y. Jan. 18, 2001) (citing *Asahi Metal Indus. Co. v. Superior Court of California,* 480 U.S. 102, 116 (Brennan, J., concurring) (noting that only in "rare cases" will inconvenience "defeat the reasonableness of jurisdiction)).

[16] *Id.*

[17] *BCCI Holdings*, 119 F.3d at 946 (quoting Wright & Miller, § 1067.1, at 327).

[18] *Id.* at 946-47 (citing *S.E.C. v. Carillo*, 115 F.3d 1540, 1543-44 (11th Cir. 1997) (emphasis added).

few courts have ever declined jurisdiction, on fairness grounds, in such cases."[19]

If – and only if – a defendant establishes her liberty interests have been infringed and the forum is unconstitutionally burdensome, then the court balances the burdens imposed on the individual defendant against the federal interest involved in the litigation.[20] Here, Marin offers not a hint that her liberty interests would be infringed or that this forum poses a constitutionally significant inconvenience.[21] Accordingly, the Court's inquiry ends and personal jurisdiction is proper.[22]

### 3. Marin's Arguments Are Legally Impaired

Every case upon which Marin relies is either mischaracterized or inapposite:

- *S.E.C. v. Carrillo*, 115 F.3d 1540 (11th Cir. 1997): Marin incorrectly claims *Carillo* is inapposite because the respondent was a foreigner and the Court satisfied due process concerns by examining contacts with the state where the case was filed [D.E. 27, p.2]. *Carrillo* includes no language limiting its holding to cases involving non-U.S. residents.[23] Nor does *Carillo* find personal jurisdiction based on contacts with the forum state. Instead, the Court ruled based on

---

*See also Busch v. Buchman*, 11 F.3d 1255 (5th Cir. 1994) (finding Texas federal district court had personal jurisdiction over New York defendant because the case arose under the Exchange Act, which conferred jurisdiction through nationwide service; because relevant sovereign was United States, it did not offend traditional notions of fair play that defendant was in a different state).

[19] *Softpoint*, 2951 WL 43611 at *5.

[20] *BCCI Holdings*, 119 F.3d at 946 ("[C]ourts must engage in this balancing only if a defendant has established that his liberty interests actually have been infringed."); *Burger King*, 471 U.S. at 477 (Only if the defendant has "present[ed] a compelling case that ... would render jurisdiction unreasonable should courts weigh the federal interests favoring the exercise of jurisdiction.").

[21] *See* Marin's filings, D.E. 12, 13, 13-2 & 27.

[22] *BCCI Holdings*, 119 F.3d at 946, 948 ("Because we conclude that the [ ] defendants have not demonstrated any constitutionally significant inconvenience, we find no infringement of their individual liberty interests protected by the Due Process Clause of the Fifth Amendment. Therefore, we need not balance the federal interests at stake in this lawsuit. We hold that the district court erred in dismissing Panama's claims against [ ] defendants for lack of personal jurisdiction").

Even if Marin had argued this jurisdiction is constitutionally burdensome, her argument would fail. This is a summary proceeding, and Marin has already argued the merits of the S.E.C.'s Application both in briefs and at a Court hearing. Marin's attorneys are based in Miami, Florida, as is every S.E.C. staff member working on the Investigation. The subpoenas at issue require the production of documents in Miami and Marin's testimony in Miami. If the Court had reached the balancing test of weighing the burdens imposed on Marin (she has not articulated one) against the S.E.C.'s interest in this litigation concerning its Miami investigation of potential ongoing securities law violations, it would weigh in favor of personal jurisdiction over Marin in this District Court.

[23] In fact, in *BCCI Holdings*, the Eleventh Circuit relied on *Carillo* to find personal jurisdiction over a New York defendant who challenged this Court's personal jurisdiction over it in a case arising from a statute authorizing nationwide service of process. 119 F.3d at 947.

4

their "alleged contacts with the United States." *Id.* at 1546-47.[24]

- <u>S.E.C. v. Unifund SAL</u>, 910 F.2d 1028, 1033 (2d Cir. 1990): Marin seizes upon the Court's use of the phrase "forum state" in this insider trading case to argue the Court should examine contacts with the state where a case is filed, not the nation. [D.E. 27 at p. 2]. However, the Court examined the defendants' conduct in connection with the *United States* as the forum "State."[25]

- <u>Robertson v. R.R. Labor Bd.</u>, 268 U.S. 619 (1925): This case does not arise from a federal statute authorizing nationwide service of process and it is therefore inapposite.

- <u>FTC v. Browning,</u> 435 F.2d 96 (D.C.Cir.1970): Contrary to Marin's interpretation, the Court held that the federal statute at issue authorized extraterritorial service of process and thus the district court had personal jurisdiction to enforce subpoenas against a non-resident defendant.

- <u>S.E.C. v. House Comm. on Ways and Means</u>, 161 F. Supp. 3d 199 (S.D.N.Y. 2015): Marin claims this case is inapposite because it deals with "unique constitutional and political concerns," yet cites none. Marin incorrectly asserts the Court's Fifth Amendment analysis rested on contacts with the state where the proceeding was filed, and not the United States. The Court actually held: "Because the Exchange Act 'authorize[s] nationwide service of process ... [i]t is not the State of New York but the United States which would exercise its jurisdiction over [Respondents].'" *Id.* at 221. While the Court stated the Washington, D.C. respondents had contacts in New York, this was not the basis of the Fifth Amendment finding. Instead, the Court found that even though the respondents and events and documents at issue were in Washington, D.C., "litigating this case in New York will not put Respondents at a 'severe disadvantage.'" *Id.* at 223. Similarly, as set forth above, litigating this summary proceeding in Miami – which Marin has already done – will not put her at a severe disadvantage. Nor has she claimed it would. Marin's final mischaracterization of this case, which she claims is her most important point, is that the ruling turned on the fact that it involved a subpoena for documents and not for testimony. However, in doing so, Marin improperly cites the Court's discussion that a subpoena enforcement ***proceeding*** is summary in nature, does not typically require testimony or evidence, and is therefore not burdensome. *Id.* at 224.

This Court has personal jurisdiction over Marin and her arguments to the contrary are unavailing.[26]

---

[24] As the Eleventh Circuit in *BCCI Holdings* succinctly explained, *Carrillo* "examin[ed] Fifth Amendment fairness requirement[s] after establishing that alien defendant had sufficient minimum contacts **with [the] United States,**" holds that "[a] court must… examine a defendant's aggregate contacts **with the nation as a whole rather than his contacts with the forum state** in conducting the Fifth Amendment analysis." *Id.* at 946-47 (emphasis added).

[25] The Court found jurisdiction based on the foreign defendant's insider trading having "a rather direct and an unmistakably foreseeable effect **within the United States**. It is alleged to have traded, on the basis of inside information, options of a **United States** corporation listed exclusively on a **United States** stock exchange. That activity created the near certainty that **United States** shareholders… would be adversely affected."

[26] Finally, Marin asserts as "an aside" that the S.E.C.'s amended complaint in *S.E.C. v. Gentile*, Case No. 16-cv-1619 (N.J.D.) ("Penny Stock Fraud Case) sought to enjoin "Gentile from expanding his Bahamian broker business in the U.S." [D.E. 27 n.1]. This is not true. *See* D.E. 16-2, amended complaint.

          Respectfully submitted,

| | | |
|---|---|---|
| April 2, 2019 | By: | <u>Amie Riggle Berlin</u> |
| | | Amie Riggle Berlin, Esq. |
| | | Senior Trial Counsel |
| | | Florida Bar No. 630020 |
| | | Direct Dial: (305) 982-6322 |
| | | Email: berlina@sec.gov |

          Attorney for Plaintiff
          **SECURITIES AND EXCHANGE COMMISSION**
          801 Brickell Avenue, Suite 1800
          Miami, Florida  33131
          Telephone: (305) 982-6300