**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:19-mc-20493-UU-O'SULLIVAN**

**SECURITIES AND EXCHANGE COMMISSION,**

        **Applicant,**

**v.**

**CARLA MARIN,**

        **Respondent.**

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court pursuant to the Motion to Intervene filed by Guy Gentile (DE # 37, 4/4/19).  This case was referred to Chief United States Magistrate Judge John J. O'Sullivan pursuant to 28 U.S.C. §636.  Having carefully considered the filings and the applicable law, the undersigned recommends that the Motion to Intervene filed by Guy Gentile (DE # 37, 4/4/19) be DENIED in accordance with the following Report and Recommendation.[1]

_____

[1] The undersigned notes that on May 28, 2019, a Report and Recommendation was issued by United States Magistrate Judge Torres in the case of 19-mc-20496-Williams/Torres, *SEC v. MinTrade Technologies*.  Guy Gentile sought to intervene in the aforementioned case, a case very similar to the case at bar.  The Report and Recommendation issued by United States Magistrate Judge Torres recommended denying Guy Gentile's Motion to Intervene.  The undersigned reviewed the extremely well written and well reasoned Report and Recommendation issued by Judge Torres, and hereby adopts and incorporates the recommendations made by Judge Torres in that Report and Recommendation into this Report and Recommendation.

## BACKGROUND

In September 2017, and December 2018, the SEC issued subpoenas (the first for testimony, the second for documents) to the respondent, Carla Marin, as part of an investigation into Swiss America Securities, Ltd., formerly known as SureTrader, ("Swiss America" or "SureTrader"), a Bahamas-based broker-dealer, and its owner, Guy Gentile, in connection with potential violations of the federal securities laws.[2] The potential violations included unregistered broker-dealer conduct as prohibited under Section 15(a) of the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(a). Swiss America is registered with the Securities Commission for the Bahamas, but not with the SEC. The respondent is the sole owner and employee of Mint Custody Limited, a Delaware corporation purportedly in the business of "holding custody." Prior to issuing subpoenas to the respondent, the SEC's investigation revealed that Swiss America had transferred United States customer funds from overseas to Mint Custody's bank account at Wells Fargo. (DE #1 at 4, 02/06/2019).

The first subpoena requested that the respondent testify in Miami, Florida on September 19, 2017. (DE #1 at 5, 02/06/2019). The second subpoena requested that the respondent produce various documents, such as Mint Custody's stock ledgers, registration and incorporation documents, as well as communications regarding Swiss America and its owner. (DE # 1-3 at 4-5, 02/02/2019). The SEC sought this information to determine whether Mint Custody held funds of Swiss America customers during a

---

[2] There was another subpoena for documents issued to Marin in December 2017, but Marin claimed at one point that the December 2017 subpoena was not served on her, so the same subpoena was served on Marin again in December 2018.

time period relevant to the SEC's investigation into Swiss America. (DE #1 at 1, 02/06/2019). Central issues to the potential securities violations include: (1) whether Swiss America's customers include United States residents; and (2) the movement of funds. (DE# 1 at 1-2, 02/06/2019). The SEC seeks information from the respondent because funds at issue passed through accounts in the United States that the respondent controlled. (DE# 1 at 13-14).

The respondent failed to appear to testify as requested by the September 2017, subpoena and did not produce the documents requested in the subpoena for documents. (DE #1 at 5, 02/06/2019). On September 25, 2017, the respondent, then *pro se*, contacted SEC staff via email claiming that the SEC lacked jurisdiction to compel the respondent to appear in Florida. (DE #1 at 5, 02/06/2019). The respondent then agreed to testify in New York, and the SEC agreed to reschedule her testimony for November 9, 2017, at the SEC's New York Regional Office. (DE #1 at 5, 02/06/2019). Days before the rescheduled testimony date, the respondent requested another rescheduling, which the Commission accommodated. (DE #1 at 6, 02/06/2019). However, the respondent again rescheduled, but then cancelled after retaining counsel, who asserted that the respondent would not testify absent a court order. (DE #1 at 6). The respondent continued to refuse to testify or produce documents over the following 13 months, despite the SEC's repeated efforts to subpoena the respondent via process server. (DE #1 at 5-9, 02/06/2019). The respondent's purported reasons for refusing to testify or produce documents ranged from illness of family friends, to incorrect address information on the SEC's subpoenas. (DE #1 at 5-9, 02/06/2019). Also during that time, the respondent's first counsel withdrew, and the respondent retained second counsel,

who also withdrew. (DE #1 at 6, 7-8, 02/06/2019). The respondent retained third counsel who continued the respondent's refusal to comply with the subpoena, despite the re-service of the subpoena for documents on Marin via process server in December 2018. (DE #1 at 8, 02/06/2019). Having exhausted all efforts to obtain the respondent's testimony, the SEC petitioned this Court seeking an Order to Show Cause why Marin should not appear for testimony and produce documents pursuant to the subpoenas, and an order enforcing the subpoenas. (DE #1 at 9, 02/06/2019).

On March 19, 2019, an evidentiary hearing was held in this matter before the undersigned.  The SEC called Jessica Maria Weissman, an assistant regional director to the division of enforcement at the SEC, to testify.  Ms. Weissman indicated that she oversees investigations within the enforcement division of the SEC, one of which is the Traders Café investigation, which she has overseen for about four and a half years. Ms. Weissman further indicated that the Traders Café investigation was entirely separate from the SEC enforcement litigation in New Jersey involving Guy Gentile, and that there was no connection between the Miami investigation and the litigation against Mr. Gentile.  The Formal Order of Investigation authorizes the SEC to conduct the Miami investigation and the investigation is ongoing.  According to Ms. Weissman, the Formal Order does not expire and does not dictate how the SEC investigates violations under the Formal Order.  Additionally, Ms. Weissman and members of her team are authorized to issue subpoenas, and the subpoenas were issued because they sought information that was critical and necessary to the ongoing investigation.

On April 4, 2019, Guy Gentile filed his Motion to Intervene (DE # 37, 4/4/19). Gentile moves to intervene pursuant to Fed. R. Civ. P. 24(a)(2), for good cause as of

right, or, in the alternative, pursuant to Fed. R. Civ. P. 24(b)(1)(B) for permissive

intervention.  On April 22, 2019, the SEC filed a response to the Motion to Intervene

(DE # 45, 4/22/19), on April 29, 2019, Gentile filed a reply (DE # 47, 4/29/19), and on

May 7, 2019, at the direction of the Court, the SEC filed a sur-reply (DE # 50, 5/7/19).

## DISCUSSION

Rule  24  of the Federal Rules of Civil Procedure provides for two types of

intervention: intervention of right and permissive intervention.  Rule 24 states in part:

> (a) Intervention of Right. On timely motion, the court must
> permit anyone to intervene who:
>
> > (1) is given an unconditional right to intervene by a
> > federal statue; or
> >
> > (2) claims an interest relating to the property or
> > transaction that is the subject of the action, and is so
> > situated that disposing of the action may as a
> > practical matter impair or impede the movant's ability
> > to protect its interest, unless existing parties
> > adequately represent that interest.
>
> (b) Permissive intervention.
>
> > (1) In General. On timely motion, the court may permit
> > anyone to intervene who:
> >
> > > (A) is given a conditional right to intervene by
> > > federal statute; or
> > >
> > > (B) has a claim or defense that shares with the
> > > main action a common question of law or fact.

Fed. R. Civ. P. 24(a)-(b).

Rule 24 allows for "permissive" intervention, in the discretion of the

Court, when a party "has a claim or defense that shares with the main action a

common question of law or fact." Fed. R. Civ. P. 24(b)(1). "It is wholly discretionary with

the court whether to allow intervention under Rule 24(b)." *In re Bayshore*, 471 F.3d at

1246 (quoting *Worlds v. Dep't of Health and Rehabilitative Servs.*, 929 F.2d 591, 595

(11th Cir. 1991)).

## I. Intervention as a Matter of Right

The Eleventh Circuit employs a four-part test for intervention that is drawn

directly from Federal Rule of Civil Procedure 24(a)(2). A party may intervene of right by

establishing that: "(1) his application to intervene is timely; (2) he has an interest

relating to the property or transaction which is the subject of the action; (3) he is so

situated that disposition of the action, as a practical matter, may impede or impair his

ability to protect that interest; and (4) his interest is represented inadequately by the

existing parties to the suit." *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th

Cir. 1996). "Once a party establishes all the prerequisites to intervention, the district

court has no discretion to deny the motion." *United States v. Georgia*, 19 F.3d 1388,

1393 (11th Cir. 1994).

      **1.**    **Timeliness**

> Timeliness is determined by the Court in the exercise of its
> sound discretion, and is to be determined from all the
> circumstances and not solely by reference to how far the suit
> has progressed. Stallworth v. Monsanto Co., 558 F.2d 257,
> 263 (5th Cir.1977).[3]

> In assessing timeliness, the Court must consider four

---

[3] *United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir.1983); *Davis v. Butts,* 290 F.3d 1297, 1300 (11th Cir.2002). "If a motion to intervene is untimely, intervention must be denied." *NAACP v. New York,* 413 U.S. 345, 365, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973).

factors:

(1) The length of time during which the would-be
intervenor knew or reasonably should have known of his
interest in the case before he petitioned for leave to
intervene; (2) the extent of the prejudice to the existing
parties as a result of the would-be intervenor's failure to
apply as soon as he knew or reasonably should have
known of his interest; (3) the extent of the prejudice to
the would-be intervenor if his petition is denied; and (4)
the existence of unusual circumstances militating either
for or against a determination that the application is
timely.

Guevara v. Republica del Peru, No. 04-23223-CIV, 2008 WL 5101795, at *1 (S.D.

Fla. Dec. 1, 2008).[4]

Gentile has not met the timeliness requirement in light of the aforementioned

factors.  Gentile knew about this case from the beginning of the action, as

evidenced by his filing of his February 8, 2019 case in the District Court of New

Jersey,[5] yet did not file his motion to intervene until April 4, 2019.  The Application to

enforce the subpoenas was fully briefed by both of the original parties and the

undersigned held an evidentiary hearing in this matter before Gentile filed his motion

_____

[4] With reference to the cite within the quote to *Stallworth v. Monsanto Co.*, 558
F.2d 257, 263 (5th Cir. 1977), in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th
Cir. 1981), the en banc Eleventh Circuit adopted as binding precedent all Fifth Circuit
decisions rendered prior to October 1, 1981.

[5] The District Court of New Jersey case of *Gentile v. SEC*, 19-5155 (JLL)(JAD)
involved a Motion for Preliminary Injunction by the plaintiff, Guy Gentile, against the
defendant requesting the Court to prevent the SEC from pursuing their investigation in
Miami.  The action was filed by Gentile two days after the SEC filed this matter to
enforce the subpoena issued in South Florida.  The SEC moved to dismiss the New
Jersey matter for lack of subject matter jurisdiction.  The Court granted the SEC's
Motion to Dismiss and denied Guy Gentile's Motion for Preliminary Injunction as moot.

7

to intervene.  Moreover, the parties had already begun additional briefing on the matter of personal jurisdiction as a result of the aforementioned evidentiary hearing. Additionally, intervention at this time would prejudice the SEC in this matter because it would delay the SEC's investigation.

**2. Other Factors for Intervention as of Right**

The Court finds that in addition to the untimeliness of the Motion to Intervene, the intervention is not permitted under the law.  The Supreme Court has held that "the right of a third party to intervene in an enforcement action 'is permissible only and is not mandatory.' " *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 748 n.19 (1984) (quoting *Donaldson v. United States*, 400 U.S. 517, 529 (1971)); *see also Matter of an Application to Enforce an Admin. Subpoena Duces Tecum of S.E.C. v. Cahan & Co.*, 1995 WL 472350, at *1 (E.D. Pa. Aug. 10, 1995) ("Intervention under Federal Rule of Civil Procedure 24 in a subpoena enforcement action is permissible only, not mandatory.") (quotation and citation omitted); *In re Oral Testimony of a Witness Subpoenaed Pursuant to Civil Investigative Demand No. 98-19*, 182 F.R.D. 196, 205 (E.D. Va. 1998). Thus, Gentile has no *right* to intervene. *See* Fed. R. Civ. P. 24(a)(2).

The Supreme Court has also held that in an action to enforce an administrative subpoena, there is no intervention as of right.  *Donaldson v. United States*, 400 U.S. 517, 529-30 (1971) (indicating that a taxpayer did not have the right to intervene in a summary proceeding to enforce a summons seeking the taxpayer's documents issued

by the IRS to a third party)[6]; *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 748 n. 19 (1984) (indicating that the subject of an investigation did not have the right to intervene between the SEC and the party to whom the subpoena was issued).  Accordingly, the undersigned finds that Gentile may not intervene as a matter of right.

Moreover, the undersigned finds that Gentile has not shown that he has a legally protectable interest in this matter. *See CFTC v. Heritage Capital Advisory Services, Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984) ("Failure to satisfy even one of [Rule 24(a)'s] requirements is sufficient to warrant denial of a motion to intervene as a matter of right."). Intervention as of right "is only available if the interest asserted is 'direct, substantial, and legally protectable.' " *Huff v. Comm'r of I.R.S.*, 743 F.3d 790, 796 (11th Cir. 2014) (quoting *Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982)).  "[T]he intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding," *Id.*, and "the interest [must] be one which the substantive law recognizes as belonging to or being owned by the applicant." *United States v. South Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991). "Thus, a legally protectable interest is an interest that derives from a legal right." *Mt. Hawley Insurance Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005).

Gentile only asserts that some of the documents that may be produced by Marin might include information related to himself or one of his businesses. Under

---

[6] The undersigned notes that the *Donaldson* case was a case regarding an IRS summons for tax records.  The Tax Code was later changed to permit taxpayers to intervene in some circumstances.

*Donaldson*, this is not sufficient. *See Donaldson*, 400 U.S. at 530-531 (denying a third party's attempt to intervene, under Rule 24(a)(2), because the "asserted interest [was]…nothing more than a desire by [the moving party] to counter and overcome [the subpoena targets'] willingness, under summons, to comply and to produce records."). Similarly, Gentile's claim that the SEC's investigation damaged his business interests is not sufficient to demonstrate he has a protectable interest in this matter. *Mt. Hawley*, 425 F.3d at 1311 ("This Court has held that a legally protected interest is something more than an economic interest.") (quotation omitted); *see also, S.E.C. v. Brigadoon Scotch Distributing Co.*, 480 F.3d 1047, 1056 (2d Cir. 1973) ("[T]he mere suggestion by appellants of possible damage to their business activities is not sufficient to block an authorized inquiry into relevant matters."). Accordingly, Gentile may not intervene.

Denying Gentile's Motion to Intervene does not hinder his ability to protect his legal interests. Gentile may question the integrity of the SEC's investigation if the SEC files suit against him. (DE # 53) ("The fact remains that Congress has designated an exclusive mechanism for such challenges, and that mechanism is in response to a proceeding initiated by the SEC."). Accordingly, there is no reason for Gentile to interfere with the SEC's investigation into third parties simply because information related to Gentile may be produced. *Hunter v. S.E.C.*, 879 F. Supp. 494, 501 (E.D. Pa. 1995) ("Virtually anyone under investigation, however innocent or confident of vindication he may be, will sustain emotional distress. If

10

this were a ground for enjoining an investigation, virtually no investigation of suspected wrongdoing could ever be completed.").

Moreover, the undersigned finds that Marin can adequately represent Gentile's interest in this matter, as Marin has raised some of the same defenses in her response that Gentile raises in his Motion to Intervene.  In addition, the undersigned does not find that the SEC has taken two different positions, as asserted by Gentile.  Accordingly, the undersigned finds that Gentile may not intervene as a matter of right in this matter.

## II. Permissive Intervention

With respect to permissive intervention, "[a] party seeking to intervene under Rule 24(b)(2) must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).  As noted above, Gentile's Motion to Intervene was not timely, and therefore, is barred.  Gentile argues that he was also served with an SEC subpoena, and if the SEC sought to enforce that subpoena against him, he would raise the same arguments against the subpoena that Marin raises in this matter.  The undersigned finds that because the subpoena served on Gentile is not at issue in this matter, the aforementioned argument lacks merit.  Gentile also asserts that he should be permitted to intervene because this matter shares common issues and facts with the District of New Jersey case of *Gentile v. SEC*, 19-5155 (JLL) (JAD), which was filed after this matter commenced.

11

The Securities Exchange Act of 1934 permits the SEC to use summary proceedings to enforce orders in the district courts. *See* 15 U.S.C. § 78u(e). In this matter, Marin was noticed regarding the cause of action, was given an opportunity to be heard, and challenged the SEC's reliance on the Trader's Café FOI to issue the subpoena in this matter. *See SEC v. McCarthy*, 322 F.3d 659-60 (9th Cir. 2003) (finding that fairness and due process require a district court afford a respondent the opportunity to be heard before ruling on a Section 78u(e) application). To delay this matter would prejudice the SEC by hindering the SEC's investigation, which, in turn, provides ample reason to deny the motion to intervene. *See* Fed. R. Civ. P. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."). Gentile relies on his 2019 New Jersey action as justification for intervention in this matter. However, that case has been dismissed, and whether to permit permissive intervention is within the discretion of the Court. *See Worlds*, 929 F.2d at 595. Accordingly, the undersigned recommends that the Motion be denied.

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation, the undersigned respectfully recommends that the Motion to Intervene filed by Guy Gentile (DE # 37, 4/4/19) be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written

objections, if any, with the Honorable Ursula Ungaro, United States District Judge.

Failure to file objections timely shall bar the parties from a *de novo* determination

by the District Judge of an issue covered in the Report and shall bar the parties

from attacking on appeal unobjected-to factual and legal conclusions contained in

this Report except upon grounds of plain error if necessary in the interest of justice.

See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v.*

*Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED in Miami, Florida, this 31st day of May, 2019.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

13