UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-mc-20493-UU/JJO

SECURITIES AND EXCHANGE COMMISSION,

    Applicant,

v.

CARLA MARIN,

    Respondent.

_____/

## ORDER ON MAGISTRATE'S REPORT AND RECOMMENDATION

This Cause is before the Court upon the SEC's Application for an Order to Show Cause and an Order Enforcing Administrative Subpoenas (D.E. 1) (the "Application").

THE COURT has reviewed the Application and pertinent parts of the record and is otherwise fully advised in the premises.

This matter was referred to U.S. Magistrate Judge John J. O'Sullivan who, on May 31, 2019, following an evidentiary hearing, issued a Report (D.E. 56) (the "Report") recommending that the Application be GRANTED for the following reasons: (1) this Court has jurisdiction because this case is not inextricably intertwined to, and involves issues distinct from, a District of New Jersey proceeding;[1] (2) the SEC complied with the statutory and administrative prerequisites when it filed the Application; and (3) this Court has personal jurisdiction over Respondent.

---

[1] D.E. 56 at 5–7. The District of New Jersey case is *SEC v. Gentile*, Case No. 2:16-cv-01619-JLL-JAD, which involves a scheme separate from the scheme at issue in the instant case, as explained in page 6 of the Report.

1

Respondent filed Objections to the Report on June 14, 2019 (D.E. 60), to which the SEC replied (D.E. 61). Respondent objects to the Report's lack of discussion on the issue of attorney-client privilege.[2] D.E. 60 at 5. The entirety of Respondent's argument on this issue reads:

> The R&R also neglects to mention anywhere the salient fact that the Respondent is the attorney of Guy Gentile, the actual target of the investigation at bar here. Respondent advised the SEC of its objection on this ground, stating: 'I am, and have been, an attorney for Guy Gentile, who refuses to waive his attorney-client privilege and would require a court with appropriate jurisdiction to issue an order to remove it. I think you can appreciate that the privilege is not mine.' D.E. 1-16. Indeed, the scope and limits of this privilege issue remains unresolved.

*Id.* (footnote omitted). Yet Respondent's bald assertion fails to identify specific privileged communication(s). *See In re Grand Jury Subpoena*, 831 F.2d 225, 227 (11th Cir. 1987) ("[A]n attorney seeking to quash a subpoena must assert the attorney-client privilege on a document-by-document basis."). Similarly, her Response (D.E. 13) does not contain a meaningful discussion of attorney-client privilege and relies instead on a "blanket assertion of privilege." *Id.* at 228 (reversing and remanding district court order quashing subpoena for documents based on attorney's blanket assertion of attorney-client privilege). Respondent's objection fails because she has offered no evidence to support that she is or ever has been Gentile's attorney, nor does she attempt to establish the confidential nature of the information sought. *See id.*

Respondent also objects to the Report's alleged lack of discussion on the validity of the Formal Order of Investigation ("FOI"), "one of the primary arguments raised in Respondent's filings" that the Report "appears to ignore." D.E. 60 at 9. That is not true. D.E. 56 at 4 (discussing evidentiary hearing testimony on the FOI's validity). Respondent's remaining objections either are

---

[2] Respondent, a New York-barred attorney, purports to have previously represented Guy Gentile, the defendant in the District of New Jersey action, 2:16-cv-01619-JLL-JAD. Gentile owns a Bahamas-based unregistered broker-dealer trading company called Swiss America Securities, Ltd., which is alleged to have transferred United States customer funds from overseas to Respondent's company, Mint Custody Ltd., of which Respondent is the sole employee. D.E. 56 at 2. The District of New Jersey 2016 litigation relates to a separate scheme, the "Penny Stock" case.

adequately addressed by the Report, raise new arguments in the first instance—which this Court will not entertain,[3] or object to certain factual omissions or "typos" in the Report.

Upon *de novo* review, the Court agrees with Magistrate Judge O'Sullivan's recommendations and concurs in all his findings. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Report, D.E. 56, is RATIFIED, ADOPTED, and AFFIRMED; and it is further

ORDERED AND ADJUDGED that the Application for an Order to Show Cause and an Order Enforcing Administrative Subpoenas, D.E. 1, is GRANTED; and it is further

ORDERED AND ADJUDGED that the case is CLOSED.

DONE AND ORDERED in Chambers in Miami, Florida, this _30th_ day of September, 2019.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of record via CM/ECF

---

[3] **Error! Main Document Only.** "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). "Parties must take before the magistrate [judge], 'not only their best shot but all of the shots.'" *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (*quoting Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984)).