UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-mc-20493-UNGARO/O'SULLIVAN

**SECURITIES AND EXCHANGE COMMISSION,**

    **Applicant,**

v.

**CARLA MARIN,**

    **Respondent.**

_____/

## RESPONDENT'S MOTION TO STAY PENDING APPEAL

The Respondent, CARLA MARIN ("MARIN" or Respondent), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure hereby respectfully submits this Motion to Stay Pending Appeal, and in support thereof states as follows:

## BACKGROUND & PROCEDURAL HISTORY

1. On February 6, 2019, the SECURITIES AND EXCHANGE COMMISSION ("SEC" or Applicant), sought an Application for an Order to Show Cause and an Order Enforcing Administrative Subpoena (the "Application"). [D.E. 1]. Specifically, the SEC sought to enforce certain subpoenas (both for testimony and record production) from Respondent. Thereafter, both sides filed briefs in relation to the Application.

2. On March 19, 2019, the Parties came before the Hon. John J. O'Sullivan, Chief United States Magistrate Judge, for an evidentiary hearing on the Application (the "hearing"). Following the hearing, the Court entered an Order that the Parties provide additional briefing specifically on the issue of personal jurisdiction over the Respondent.

3. On May 31, 2019, Magistrate Judge O'Sullivan issued his Report and Recommendation, therein recommending the Application be granted. [D.E. 56].

4. On September 30, 2019, this Honorable Court entered its Order on Magistrate's Report and Recommendation. [D.E. 63]. Therein, this Court adopted the Magistrate's Report and Recommendation and further ordered that the SEC's Application was granted and this matter was closed.

5. Respondent herein brings this Motion pursuant to Fed. R. Civ. P. 62 seeking to stay the enforcement of the Application, *i.e.* to stay any depositions and/or document production pursuant to the subpoenas at-issue, pending the Respondent's appeal of this Court's ruling.

## MEMORANDUM OF LAW IN SUPPORT

As will be explained in greater depth below, Respondent is in the process of appealing this Court's Order granting the SEC's Application. The Respondent herein moves this Court to stay these proceedings in the pendency of the appeal pursuant to Fed. R. Civ. P. 62(c),(d).

## LEGAL AUTHORITIES

A party seeking to stay proceedings pending an appeal generally must first show the following:

(1) A likelihood that the petitioner will prevail on the merits of the appeal;

(2) Irreparable injury to the petitioner unless the stay is granted;

(3) No substantial harm to other interested persons; and

(4) No harm to the public interest.

See *Pitcher v. Laird*, 415 F.2d 743 (5th Cir. 1969); See also: *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Pursuant to Fed. R. Civ. P. 62, a party may move to stay the proceedings or enforcement of the trial court's judgment. As it relates to *monetary* judgments, a party may obtain a stay by providing a bond "or other security" and the trial court may grant said stay if the trial court approves the bond or other security. See Fed. R. Civ. P. 62(b). Generally, as it relates to non-monetary judgments, however, Fed. R. Civ. P. 62(c) states that the proceedings are not stayed during an appeal, unless the trial court so orders.

As it relates to injunctions, under Fed. R. Civ. P. 62(d), during the pendency of an appeal, the "[trial] court may suspend, modify . . . or grant the [issuance] of an injunction" and may do so "on terms for bond or other terms that secure the opposing party's rights."

## ARGUMENT

Respondent moves this Honorable Court under Fed. R. Civ. P. 62 for an order staying the enforcement of the Application pending the exercise of Respondent's appellate rights. Respondent hereinafter sets forth the basis for that relief as follows:

### i. Respondent Has Met the Prerequisites for Seeking a Stay Pending Appeal.

As explained above, Respondent is generally required to show four (4) prerequisites in order to seek a stay of these proceedings pending an appeal. Specifically, likelihood of success on the merits (of the appeal), irreparable injury if a stay is not entered, and no substantial harm to other interested persons (or the public).

*a. Likelihood of Success on the Merits*

First, Respondent must show that there is a likelihood of prevailing on the merits of the appeal. To demonstrate a likelihood of success, the Respondent need not "show a mathematical probability of success" but rather that they are pursuing challenging, serious legal questions that present a need for a "'more deliberative investigation.'" See *Jewish War Veterans of U.S., Inc. v. Gates*, 522 F. Supp. 2d 73, 76 (D.D.C. 2007). Moreover, even if Respondent cannot establish a likelihood of success on appeal, where there is a strong showing on irreparable harm, a stay is appropriate if they "have made out a 'substantial case on the merits." See *Ctr. For Int'l Envtl. Law v. Office of U.S. Trade Representative*, 240 F. Supp. 2d 21, 22 (D.D.C. 2003).

Here, for sake of brevity, Respondent will not reiterate the extensive arguments already laid before this Court, as it relates to both the viability of the FOI in question and as to the exercise of personal jurisdiction. As Respondent has urged in its various filings, supported by unrebutted sworn testimony, the Respondent has *no contacts whatsoever within this District* and *none* of the underlying facts/events relate to this District. The ruling by this Court requiring Respondent to appear in a foreign jurisdiction is contrary to well-settled jurisprudence interpreting Respondent's due process protections, insofar as the effect of the Court's ruling is that *any* U.S. citizen is subject to personal jurisdiction in *any* District Court in the United States. Respondent challenges this position with a wealth of jurisprudence and on fundamental due process grounds and urges that personal jurisdiction cannot be found in this District. The SEC has not set forth a single case holding for such a sweeping conclusion, and the vast majority of the cases relied upon by the SEC involved foreign defendants/respondents. In sum, in Respondent's view, there is a legitimate good faith dispute as to whether or not this Court can exercise personal jurisdiction over the Respondent.

This issue is novel and the Honorable Magistrate O'Sullivan initially refused to rule on the Application following the March 19, 2019 evidentiary hearing because of the lack of clarity on the

personal jurisdiction issue. Indeed, Magistrate O'Sullivan *required* the Parties provide additional briefing after the hearing specifically on the issue of personal jurisdiction, as that issue remained unclear. [D.E. 27]; [D.E. 35]. The fact that the Magistrate O'Sullivan was unwilling or unable to make a ruling on personal jurisdiction following extensive briefings and an evidentiary hearing underlies that the positions of the Respondent on personal jurisdiction is a viable and good faith argument that may prevail on appeal. The Respondent is not required to show "a mathematical probability of success," but rather need only show that Respondent is pursuing a challenging legal issue that merits a "more deliberative investigation." See *Jewish War Veterans of U.S., Inc.*, 522 F. Supp. 2d at 76 (D.D.C. 2007). Here, plainly Respondent has met this showing and urges this Court that Respondent has a "likelihood of prevailing on the merits" on the appeal.

### b. *Irreparable Injury*

Second, Respondent must show that irreparable injury will occur if a stay is not entered. Irreparable injury has been found to exist where "the very rights [they] seek to protect will have been destroyed [if a stay is not entered]." See *Council on Am. Islamic Relations v. Gaubatz*, 667 F. Supp. 2d 67, 76 (D.D.C. 2009). Irreparable harm is found to exist where the failure to grant a stay will ostensibly destroy the appellant's right to secure appellate review. See *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (". . . the Constitution and laws entitle litigants to have their cases independently reviewed by an appellate tribunal. Meaningful review entails having the reviewing court take a fresh look at the decision of the trial court before it becomes irrevocable. Appellants' right of appeal here will become moot unless the stay is continued pending determination of the appeals."). See also: *Ctr. For Int'l Envtl. Law*, 240 F. Supp. 2d 21, 23 (D.D.C. 2003).

Here, irreparable injury will befall the Respondent if a stay is not entered. At present, the SEC is seeking to compel the Respondent to spend her time and money to travel from New York to Florida for deposition, as well as producing documents. Respondent seeks appellate review as to, *inter alia*, challenge whether the FOI in question is valid and as to whether this Court possesses a basis for personal jurisdiction. If a stay is *not* entered, to abate the deposition while Respondent litigates the appeal, the Respondent will be left with no viable recourse. If Respondent chooses to sit for the deposition in Florida, giving up her time, disrupting her work as an attorney in New

York and spending potentially thousands of dollars in travel expenses and lodging, Respondent would thereby eradicate her appellate rights by rendering any appeal moot before it can even be litigated. Or, *alternatively*, Respondent can attempt to preserve her appellate rights by refusing to comply with this Court's Order, thus exposing herself to a potential finding of contempt and the various sanctions flowing therefrom. Thus, Respondent exposes herself either to potential contempt penalties or waiver of her appellate rights if a stay is not entered. This is sufficient to meet the requirement of showing irreparable harm, as the risk of waiving appellate rights has categorically been held as sufficient grounds for irreparable harm. See *Providence Journal Co. v. FBI*, 595 F.2d 889 (1st Cir. 1979)).

       c. *No Substantial Harm to Other Interested Persons or the Public if a Stay is Entered Pending Appeal*

Finally, Respondent must show that no substantial harm to other interested persons or the public if a stay is entered. Here, Respondent asserts that the SEC (or the public generally) will not suffer any harm if a stay is entered.

As was set forth in greater depth in the various briefings, the SEC has freely admitted in its Application that the central inquiry of their "investigation" is whether Guy Gentile ("Gentile"), and/or his purported entities (*i.e.* SureTrader), engaged in unlicensed broker-dealer conduct.[1] The Respondent has already raised in its responsive briefings that the SEC could simply obtain a new Formal Order of Investigation ("FOI") into Gentile or SureTrader, and thus continue that investigation in compliance with the provisions of the Securities Act. In addition, the SEC can simply continue to pursue that "investigation" by actually directing their discovery efforts at Gentile himself, or SureTrader, the actual target of the apparent "investigation," which is of course the most direct and logical mechanism. The SEC cannot plausibly claim that the only means they have of furthering their "investigation" are through the Respondent here, as the Respondent is, at best, tangentially relevant to the SEC's apparent "investigation" and Respondent is not even alleged to have engaged in any illegal conduct.

---

[1] To be sure, the SEC has freely admitted that its "investigation" is directed at Guy Gentile ("Gentile") and his purported company, Swiss America Securities, Ltd. f/k/a SureTrader ("SureTrader"). [D.E. 1 at pp.1-3]. The Report & Recommendation, adopted by this Court, also adopts that the SEC's investigation is directed at Gentile and/or SureTrader: "[T]he SEC issued subpoenas . . . to the respondent . . . as part of an investigation into [SureTrader] . . . and its owner, Guy Gentile, in connection with potential violations of the federal securities law." [D.E. 56 at p. 2].

Respondent urges that the harm that would befall the SEC or the public at large is dubious and *de minimis*, and because Respondent has raised legitimate issues requiring appellate review and will suffer irreparable harm if a stay is not entered, the balancing of interests favors entering the stay. This is because this Court is generally required to balance the showing of merit and injury upon the Respondent, versus whatever public interest the SEC has in furthering this "investigation." See *Ctr. For Int'l Envtl. Law*, 240 F. Supp. 2d at 23 ("The remaining two factors – potential harm to plaintiffs and other individuals or to the public interest if a stay is granted – argue against a stay but ultimately do not outweigh defendants'' showing of a substantial case on the merits and irreparable harm. . ."). Here, as explained above, Respondent has raised a justiciable issue and will undeniably suffer irreparable harm if a stay is not entered. Thus, on balance, this should favor entering a stay, particularly since the SEC's "investigation" will not be significantly stifled pending the resolution of the appeal.

      ii.      **This Court Has Authority to Enter a Stay Pursuant to Fed. R. Civ. P. 62(c) or Fed. R. Civ. P. 62(d).**

As explained above, Respondent respectfully asserts it has met the mandatory pre-requisites for entering a stay. Thus, this Court has discretion to enter a stay pending appeal under Fed. R. Civ. P. 62(c) or (d).

As it relates to non-monetary judgments under Fed. R. Civ. P. 62(c), although a stay is generally not to be entered, the Court is entitled to enter a stay if it so chooses. Here, in light of the fact that a stay is necessary to preserve Respondent's appellate rights, this Court should exercise its discretion under Fed. R. Civ. P. 62(c), and stay these proceedings pending appeal.

Alternatively, under Fed. R. Civ. P. 62(d), it states that "While an appeal is pending from an interlocutory order or final judgment that grants [an injunction], the court may suspend, modify. . . or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

Here, the Court's Order granting the Application is not interlocutory in nature, but in its essence it is ostensibly an injunctive order, insofar as it requires the Respondent to do some act, *i.e.* travel from New York to Florida for a deposition and producing documents. This is not a novel argument, but rather supported by prior jurisprudence. For example, in *Neve*, a stay was entered under Fed. R. Civ. P. 62(d) in a case where a party (Neve) was compelled to comply with an administrative summons/subpoena. See *United States v. Neve*, 80 F.R.D. 461 (E.D. La. 1978).

Specifically, in Neve, the defendant (Neve) appealed an order requiring him to comply with an IRS summons, and sought a stay pending appellate review. The court in that case concluded that orders on summons/subpoena enforcement proceedings are appealable orders and thus "it follows that with a stay order a witness would suffer no injury while testing the summons." *Id* at 463. Therefore, the Court concluded "[that] the stay in this case comes within Fed. R. Civ. P. 62(d) and . . . the Motion to Stay Execution of Judgment will be granted upon the filing of a supersedeas bond in the amount of $250.00." *Id*. See also: *Reisman v. Caplin*, 84 S. Ct. 508, 514 (1964). Thus, like in *Neve*, this Court should find that the enforcement of the administrative subpoenas at-issue may be stayed pursuant to Fed. R. Civ. P. 62(d) pending appeal.

## CONCLUSION

In sum, Respondent urges this Court to enter a stay pursuant to Fed. R. Civ. P. 62(c),(d). Respondent has set forth a viable basis for a stay by showing that Respondent has a reasonable likelihood of prevailing on appeal, that Respondent will suffer irreparable injury if a stay is not entered, and that the relative injury to the SEC (or the public) is outweighed by Respondent's showing. This Court has the discretion under Fed. R. Civ. P. 62(c) to enter a stay. Alternatively, this Court can treat its Order as injunctive in nature and enter a stay pursuant to Fed. R. Civ. P. 62(d) and if necessary may require a commensurate bond.

Respectfully submitted,

By: */s/ Lorne E. Berkeley*
Lorne E. Berkeley, Esq.
Florida Bar No.: 146099
Email: lberkeley@drbdc-law.com
Alexander L. Wildman, Esq.
Florida Bar No. 116930
Email: awildman@drbdc-law.com
*Attorney for Respondent, Carla Marin*
**DANIELS RODRIGUEZ BERKELEY DANIELS & CRUZ, P.A.**
4000 Ponce De Leon Boulevard
Suite 800
Coral Gables, Florida 33146
Telephone No.: (305)-448-7988
Facsimile No.: (305) 448-7978

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 9th day of October, 2019, I electronically filed the above document using CM/ECF or directed service in the method set forth in the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Lorne E. Berkeley*
Lorne E. Berkeley, Esq.

## SERVICE LIST

Amie Riggle Berlin, Esq.
Email : berlina@sec. gov
Senior Trial Counsel
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154