UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-mc-20493-UU

SECURITIES AND EXCHANGE COMMISSION,

    Applicant,

v.

CARLA MARIN,

    Respondent.

_____/

## ORDER DENYING MOTION TO STAY PENDING APPEAL

This Cause is before the Court upon Respondent's Motion to Stay Pending Appeal (D.E. 65) (the "Motion").

THE COURT has reviewed the Motion and pertinent parts of the record and is otherwise fully advised in the premises.

### BACKGROUND

This matter arises out of an SEC investigation concerning possible ongoing violations of federal securities laws by Swiss America Securities, Ltd., a Bahamas-based broker-dealer, and others. D.E. 1 at 1. As part of its investigation, the SEC issued subpoenas to Respondent for documents and testimony. *Id.* Respondent is a New York attorney who is alleged to have held Swiss America customers' funds in her solely owned and operated corporation, Mint Custody Ltd., during the period relevant to the investigation. *Id.* at 2. When Respondent repeatedly refused to comply with the subpoenas, the SEC sought injunctive relief from this Court. *Id.* at 3.

On September 30, 2019, this Court adopted U.S. Magistrate Judge John J. O'Sullivan's report and recommendation and granted the SEC's Application for an Order Enforcing Administrative Subpoenas. D.E. 63. Respondent filed her notice of appeal on October 9, 2019.

1

D.E. 66. The same day, Respondent filed the instant Motion pursuant to Fed. R. Civ. P. 62(c), (d), in which she seeks to "stay enforcement of the application, *i.e.*, stay any depositions and/or document production pursuant to the subpoenas at issue, pending the Respondent's appeal of this Court's ruling." D.E. 65 at 2.

## LEGAL STANDARD

A Fed. R. Civ. P. 62(c) injunction pending appeal is a discretionary "extraordinary remedy." *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000). Rule 62(c) provides that "[u]nless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: (1) an interlocutory or final judgment in an action for an injunction . . . ."[1] Respondent admits that "although a stay is generally not to be entered" for injunctions, "the Court should exercise its discretion" in this case. D.E. 65 at 6. Should the Court choose to exercise its discretion, the burden is on the movant to show:

(1) a substantial likelihood that [the movant] will prevail on the merits of the appeal;
(2) a substantial risk of irreparable injury to the [movant] unless the injunction is granted;
(3) no substantial harm to other interested persons; and
(4) no harm to the public interest.

---

[1] Respondent purports to bring the Motion under either Fed. R. Crim. P. 62(c) or (d). Rule 62(d) provides:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court **may** suspend, modify, restore, or grant an injunction on **terms for bond or other terms that secure the opposing party's rights**.

As the SEC correctly asserts in its opposition, Rule 62(d) is inapplicable because there has not been "bond or other terms that secure the opposing party's rights." D.E. 69 at 3–4. Even though Respondent proposes a bond of $250 in her reply, D.E. 71 at 2, the Court will not apply Rule 62(d) to stay compliance with the administrative subpoenas pending appeal. *See N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (rejecting *United States v. Neve*, 80 F.R.D. 461 (E.D. La. 1978), on which Respondent relies, and refusing to apply Rule 62(d) to an appeal of an order directing compliance with an administrative subpoena). Moreover, Respondent does not cite to any binding authority in support of her argument that Rule 62(d) should apply.

*Touchston* 234 F.3d at 1132. The first two factors are the "most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

## DISCUSSION

A. <u>Respondent's Likelihood of Success on the Merits</u>

Respondent has not met her burden of demonstrating that she is likely to succeed on the merits of her appeal. On appeal, Respondent intends to argue that the Court lacked personal jurisdiction over her in this subpoena enforcement proceeding because she did not have minimum contacts with the State of Florida. D.E. 65 at 3. Without citing relevant or binding precedent, Respondent offers two scant reasons in support of her argument: first, that her personal jurisdiction argument is "novel"; and second, that Magistrate Judge O'Sullivan ordered additional briefing on this issue.[2] *Id.* at 3–4.

The issue is not novel. This proceeding was filed pursuant to Section 21(c) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(c), "judicial enforcement of investigative power of the Commission; refusal to obey subpoena; criminal sanctions." 15 U.S.C. § 78u(c) provides that to enforce a subpoena, the SEC "may invoke the aid of any court of the United States within the jurisdiction of which such investigation or proceeding is carried on, or where such person resides or carries on business."

The Exchange Act authorizes nationwide service of process. 15 U.S.C. § 78u(c); *SEC v. Carrillo*, 115 F.3d 1540, 1544 n.4 (11th Cir. 1997). The Eleventh Circuit in *SEC v. Carrillo* explained that "service of process constitutes the vehicle by which the court obtains jurisdiction" and a federal statute authorizing nationwide service becomes the statutory basis for personal

---

[2] Magistrate Judge O'Sullivan ordered additional briefing on this issue because Respondent raised it for the first time during the evidentiary hearing. D.E. 69 at 9. In any event, a court's request for additional briefing does not demonstrate the likelihood of success on the merits on appeal.

3

jurisdiction in federal question cases. *Carrillo*, 115 F.3d at 1543. Minimum contacts with the state in which the enforcement proceeding was filed becomes irrelevant; rather, "the Court must determine whether there are sufficient minimum contacts with the United States as a whole." *Id.* at 1543–44. The Court explained:

> When a district court's subject matter jurisdiction is founded upon a federal question, the constitutional limits of the court's personal jurisdiction are fixed . . . by the Due Process Clause of the Fifth Amendment. Inasmuch as the federalism concerns which hover over the jurisdictional equation in a diversity case are absent in a federal question case, a federal court's power to assert personal jurisdiction is geographically expanded. In such circumstances, the Constitution requires only that the defendant have the requisite 'minimum contacts' with the United States, rather than with the particular forum state (as would be required in a diversity case).

*Id.* at 1543 (quoting *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992)).

While *Carrillo* involved Costa Rican respondents, the Court did not distinguish whether the jurisdictional standard applied differently in cases where the respondent is U.S.-based. Courts have applied *Carrillo* in SEC subpoena enforcement proceedings to find personal jurisdiction over respondents who may otherwise lack minimum contacts with the forum state. *See, e.g.*, *SEC v. Prime Time Group, Inc.*, No. 09-cv-80952-COHN, 2010 LEXIS 18171, at *7–11 (S.D. Fla. Mar. 2, 2010); *SEC v. Spencer Pharm. Inc.*, 57 F. Supp. 127, 133 (D. Mass. 2014). Plaintiff has not shown that she is likely to succeed on the merits of her appeal. Even if she could, she is not entitled to a stay because she has failed to demonstrate that relief is justified under the remaining factors.

B. <u>Irreparable Injury to Respondent</u>

Respondent will not be irreparably harmed by complying with the subpoenas. She argues that she will be irreparably harmed if the Court does not stay its order because: (1) she would waive her appellate rights by complying with the subpoenas; (2) she would have to pay for travel from New York to Miami; or (3) she would risk being held in contempt.

First, compliance with the subpoenas would not moot Respondent's appeal. *See, e.g.*, *Church of Scientology v. United States*, 506 U.S. 9, 15 (1992) (holding that compliance with IRS enforcement subpoenas did not moot an appeal of the order requiring compliance "because if the summons were improperly issued or enforced a court could order that the IRS' copies of the tapes be either returned or destroyed"). Further, a respondent is not irreparably injured by compelled document production or testimony in response to administrative subpoenas. *See, e.g.*, *United States v. Blackburn*, 538 F. Supp. 1385, 1387 (M.D. Fla. 1982); *United States v. Diversified Group, Inc.*, No. M18-304-PKL, 2002 LEXIS 23920, at *4–5 (S.D.N.Y. Dec. 12, 2002); *Reich v. Muth*, No. 2:93-cv-372, 1993 WL 741997, at *4 (E.D. Va. July 28, 1993), *aff'd*, 34 F.3d 240 (4th Cir. 1994).

Second, "[a]n injury is 'irreparable' only if it cannot be undone through monetary remedies . . . . Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987); *see also Transcon. Gas Pipe Line Co. v. 6.04 Acres*, 910 F.3d 1130, 1165 (11th Cir. 2018). Plaintiff claims she would suffer monetary loss by having to travel to Miami to comply with this Court's order. The SEC averred that it reimburses witnesses for travel to attend investigative testimony,[3] or would alternatively conduct Respondent's testimony in New York. D.E. 69 at 12–13. Even if Respondent incurred financial harm, she could be monetarily remedied if she succeeds on appeal. *See In re Advanced Telecomm. Network, Inc.*, 2011 LEXIS 22844, at *8 (M.D. Fla. Feb. 23, 2011).

Respondent does not cite to any law to support her flippant contempt argument. Respondent has not met her burden of showing that she will be irreparably harmed absent a stay.

---

[3] Respondent replies that the SEC has not offered to pay for her travel. D.E. 71 at 10. That would make sense given that the SEC reimburses for travel. That is of no moment to the analysis since there are other remedies available.

C. <u>Substantial Injury to the SEC</u>

Respondent has not shown that the SEC will not suffer substantial injury if the Court stays its order. This action was filed in February 2019. Staying the enforcement of the subpoenas would undoubtedly delay the SEC's investigation.

While Respondent argues that any evidence she produces would be "at best, tangentially relevant," at the evidentiary hearing on the Application, an SEC employee leading the investigation testified that the evidence sought would be "both critical and essential." D.E. 69 at 14. Respondent also baldly asserts that the SEC may continue its investigation by seeking evidence from third parties, and ignores the fact that the SEC has broad statutory investigatory discretion and may seek evidence from anyone it deems necessary to determining whether any person has violated the federal securities law. 15 U.S.C. § 78u(a)(1). The SEC maintains that it cannot proceed with its investigation absent the evidence from Respondent. D.E. 69 at 14. This factor weighs against Respondent.

D. <u>Public Interest</u>

Respondent claims that "the harm that would befall the SEC or the public at large is dubious and *de minimis* [and] the SEC's 'investigation' will not be significantly stifled pending resolution of the appeal." D.E. 65 at 6. "[T]he government's interest is in large part presumed to be the public's interest" in agency enforcement proceedings. *United States v. Rural Elec. Convenience Coop. Co.*, 922 F.2d 429, 440 (7th Cir. 1991); *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1377 (D.C. Cir. 1980). The Court finds that the public interest lies with combatting and deterring securities violations without unnecessary delay. Further, Respondent has failed to show that a stay would serve the public interest.

6

## CONCLUSION

The Court finds that Respondent is not entitled to the extraordinary remedy she seeks. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion, D.E. 65, is DENIED.

DONE AND ORDERED in Chambers in Miami, Florida, this _25th_ day of October, 2019.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of record via CM/ECF